UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

DOUGLAS MOYLES and GINA MOYLES,

        Plaintiffs,

   v.

JOHNSON CONTROLS, INC., a Wisconsin Corporation; WILLIAM E. THOMAS; WALLY BOMHOFF; and DOES 1-50, inclusive,

        Defendants.

NO. CIV. S-05-885 FCD/KJM

MEMORANDUM AND ORDER

----oo0oo----

On September 9, 2004, plaintiffs, Douglas and Gina Moyles ("plaintiffs"), initiated this action in Sacramento County Superior Court. Defendants, Johnson Controls, Inc. ("JCI") and Wally Bomhoff ("Bomhoff")(collectively "defendants"), subsequently removed the matter to this court on the basis of federal question jurisdiction. Presently before the court are: 1) plaintiffs' motion to amend the second amended complaint and motion to remand; 2) defendants' motion to dismiss the second

1

amended complaint; and 3) defendants' motion to strike plaintiffs' third amended complaint.  All motions are opposed.[1]

**BACKGROUND**

This litigation arises from the employment relationship between plaintiff, Douglas Moyles, and defendant, JCI.  Mr. Moyles was hired by JCI as a Project Manager in or about May 2001.  (Pls.' Second Am. Compl. ¶ 10; Def. JCI's Answer ¶ 10). Plaintiffs allege that defendants William E. Thomas[2] ("Thomas") and Bomhoff were employed by defendant JCI in managerial or supervisory roles while Mr. Moyles worked for the company. (Pls.' Second Am. Compl. ¶¶ 4-5.)

During his employment with JCI, Mr. Moyles alleges that defendants JCI and Thomas directed him "to perform improper and fraudulent transfers related to government contracts," and he "objected to these improper and illegal directives," which resulted in his being "subjected to harassment and retaliation" by all three defendants.  (Pls.' Second Am. Compl. ¶ 13.) Plaintiffs allege that "[o]n November 12, 2004, Defendants JCI, THOMAS and BOMHOFF retaliated against Plaintiff MOYLES and terminated his employment with Defendant JCI."  (Pls.' Second Am. Compl. ¶ 43.)  However, defendants respond that Mr. Moyles' "employment was terminated as a result of significant organizational realignment and restructuring," which was outlined

---

[1] Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs. E.D. Cal. L.R. 78-230(h).

[2] Defendants allege that plaintiffs have yet to serve defendant Thomas with a complaint in this action (Defs.' Mem. of P. & A. in Supp. of Opp'n to Pls.' Mot. to Amend Compl. and to Remand at 2.)

2

1   in the termination letter sent to Mr. Moyles by Bomhoff.  (Def.
2   JCI's Answer ¶ 43.)
3       Plaintiffs, Douglas Moyles and his wife Gina Moyles, filed
4   their initial complaint in Sacramento County Superior Court on
5   September 9, 2004; however, this complaint was never served on
6   any of the defendants.  (Pls.' Second Am. Compl. ¶ 1.)
7   Subsequently, plaintiffs filed an amended complaint on December
8   13, 2004 and served it upon defendants JCI and Bomhoff.
9   Plaintiffs filed a second amended complaint on April 25, 2005,
10  after the Sacramento County Superior Court sustained defendants'
11  demurrer to plaintiffs' first amended complaint, granting
12  plaintiffs leave to amend.
13      After plaintiffs filed their second amended complaint,
14  defendants removed the action to this court on May 4, 2005
15  pursuant to 28 U.S.C. § 1441(a), based upon original federal
16  question jurisdiction.  Defendants' sole basis for removal was
17  that the third cause of action in plaintiffs' second amended
18  complaint alleges that defendants breached, *inter alia*, the False
19  Claims Act 31 U.S.C. § 3729 et. seq.  On May 17, 2005, after the
20  case reached this court, plaintiffs filed a motion to amend the
21  complaint and to remand the action to state court.
22  Contemporaneously, plaintiffs filed a third amended complaint,
23  deleting the sole federal claim for relief, which they argue
24  eliminates federal subject matter jurisdiction.  Subsequently,
25  defendants filed a motion to dismiss plaintiffs' second amended
26  complaint on May 24, 2005.  Finally on May 31, 2005, defendants
27  filed a motion to strike plaintiffs' third amended complaint.
28  / / /

**I. Motion to Amend the Complaint**

"A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served . . . . Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and *leave shall be freely given when justice so requires*." Fed. R. Civ. P. 15(a)(emphasis added). It is well recognized that the policy of freely granting leave to amend should be applied with "extreme liberality." DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987). The Supreme Court has delineated various factors to examine when determining whether to grant leave to amend under Rule 15(a). Foman v. Davis, 371 U.S. 178, 182 (1962). These "Foman factors" include: 1) undue delay; 2) bad faith; 3) futility of amendment; and 4) prejudice to the opposing party. Id.; see also Hurn v. Ret. Fund Trust of the Plumbing, Heating and Piping Indus. of S. Cal., 648 F.2d 1252, 1254 (9th Cir. 1981). As the Ninth Circuit has continually recognized, "the crucial factor is the resulting prejudice to the opposing party." Howey v. United States, 481 F.2d 1187, 1190 (9th Cir. 1973); Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003). The burden of showing prejudice is upon the party opposing amendment. DCD Programs, 833 F.2d at 187. "Absent prejudice, or a strong showing of any of the remaining Foman factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." Eminence Capital, 316 F.3d at 1052.

Although defendants oppose plaintiffs' motion to amend, they have not furnished any facts demonstrating that the amendment is

4

made in bad faith, will cause undue delay, or will prejudice the defendants. Nonetheless, the court will examine the relevant factors.[3]

First, plaintiffs have not caused undue delay, as they filed their motion to amend the complaint less than two weeks from removal of the action to this court. Furthermore, there is no indication that plaintiffs are seeking amendment in bad faith. While plaintiffs' motivation for amending the complaint is to obtain remand, the Ninth Circuit has stated that "[a] plaintiff is entitled to file both state and federal causes of action in state court" then "settle certain claims or dismiss them with leave of the court" upon removal. Baddie v. Berkeley Farms, Inc., 64 F.3d 487, 490 (9th Cir. 1995). The court went on to say that such practice is not manipulative and need not be discouraged unless there is reason to believe that the inclusion of the federal claims was to put the defendants through the removal-remand procedure. Id. at 490-91. Defendants have not provided the court with any evidence that plaintiffs engaged in

---

[3] In their motion to amend, plaintiffs argue that they are entitled to file a third amended complaint, "as a matter of right since defendants have not filed any responsive pleading in this action." Plaintiffs are correct that Rule 15(a) allows a party to "amend the party's pleading once as a matter of course at any time before a responsive pleading is served." Fed. R. Civ. P. 15(a). Although defendants had not filed a responsive pleading when plaintiffs filed their third amended complaint, plaintiffs already had amended their complaint twice in state court. A district court "takes the case as it finds it on removal and treats everything that occurred in the state court as if it had taken place in federal court." Butner v. Neustadter, 324 F.2d 783, 785 (9th Cir. 1963). Thus, plaintiffs have already utilized their "free amendment" and as a result, must seek leave of court to amend their complaint.

5

such conduct.[4]

Additionally, futility of amendment is inapplicable to the present facts because plaintiffs seek to amend their complaint to delete a claim for relief, rather than add or clarify an existing claim.

Finally, the predominant factor, prejudice to the opposing party, is not present. This matter is still in the early stages of litigation. Discovery has yet to be conducted at either the state or federal level and, prior to removal, the case was set for a case management conference in state court. The parties have completed little work to date that will be disturbed by granting plaintiffs leave to amend their complaint. The burden of showing prejudice is upon the party opposing the amendment and defendants have done nothing to carry this burden. Based on the above considerations, it is clear that plaintiffs motion to amend under Rule 15(a) should be granted.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

---

[4] To the contrary, plaintiffs argue that they only included the reference to federal law because they were required to differentiate their employment retaliation claim from their other retaliation claims, after the state court sustained defendants' demurrer to their second amended complaint. (Pls.' Mem. of P. & A. in Supp. of Mot. to Amend and to Remand at 4.) Now upon removal, plaintiffs wish to remove any possible federal claim for relief, indicating their desire to maintain their action in state court.

**II. Motion to Remand**

It is a longstanding rule that the propriety of removal jurisdiction is determined at the time of removal. See Pullman Co. v. Jenkins, 305 U.S. 534, 537 (1939). Therefore, the Ninth Circuit has held that plaintiffs cannot compel remand by amending their complaint to eliminate the federal claims which provided the basis for removal. Sparta Surgical Corp. V. Nat'l Ass'n of Sec. Dealers, Inc., 159 F.3d 1209, 1213 (9th Cir. 1998). However, federal courts have discretion to remand the remaining pendant state claims when retaining jurisdiction would be inappropriate. Harrell v. 20th Century Ins. Co., 934 F.2d 203, 205 (9th Cir. 1991). The Supreme Court has directed district courts to consider judicial economy, convenience, fairness, and comity, as well as forum manipulation, when determining whether to remand a case to state court. Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 357 (1988). Based on these factors, the Ninth Circuit recognized that in the usual case "it is generally preferable for a district court to remand remaining pendant claims to state court." Harrell, 934 F.2d at 205.

In opposition to the motion to remand, defendants rely on Sparta, 159 F.3d at 1213, for the proposition that plaintiffs cannot compel the remand of this case to state court by amending their complaint. While defendants' explication of Sparta's holding is correct, that decision is not determinative of this motion. As discussed above, district courts possess the discretion to decide whether to retain jurisdiction over state law causes of action after the federal claims for relief have dropped out of the litigation. Thus, the Ninth Circuit has

7

1 acknowledged, in a case analogous to the present one, that remand
2 is proper where plaintiffs amend their complaint to remove their
3 federal claims and move for remand without delay. Baddie, 64
4 F.3d at 490-91.

5     Applying the above considerations to the present case, the
6 factors clearly point in favor of remand. As previously
7 indicated, plaintiffs have been granted leave to amend their
8 complaint, which will eliminate the sole federal claim for relief
9 that provided a basis for removal, and the remaining claims arise
10 under state law. There is no reason for this court to proceed
11 with this matter when the state court is equally competent to
12 hear the case and more familiar with the law of its own forum.
13 Thus, principles of comity favor deference to the judgment of the
14 state court.

15     Judicial economy also weighs in favor of remand. This case
16 was removed in the beginning of May, so this court has played
17 little part in the overall litigation of the matter. The present
18 motions before the court are the first substantive considerations
19 undertaken, which will not need to be duplicated regardless of
20 whether the case is remanded. Furthermore, the state court
21 already considered the substance of plaintiffs' causes of action
22 when ruling on defendants' demurrer; thus, it has invested
23 greater time and resources in the case.

24     Considerations of convenience and fairness do little to sway
25 the balance for or against remand. Both the state and federal
26 fora are located in Sacramento, approximately five blocks from
27 one another, so both are equally convenient to the parties. As
28 to considerations of fairness, there is no reason to doubt that a

state forum will provide an equally fair adjudication of the matter as this court.

Finally, there is no reason to believe that plaintiffs are engaging in manipulative pleading practices. As the Ninth circuit stated in Baddie, 64 F.3d at 491, "[p]laintiffs in this case chose the state forum. They dismissed their federal claims and moved for remand with all due speed after removal. There was nothing manipulative about that straight-forward tactical decision . . .." In an exercise of discretion, this court finds that the state law causes of action, as set forth in the third amended complaint, should be remanded to the Sacramento County Superior Court.[5]

/ / /

/ / /

/ / /

/ / /

---

[5] Defendants argue that the court should "consider Defendants' pending Motion to Dismiss prior to deciding whether to remand this case, as it is likely that Defendant Bomhoff will be dismissed, which will provide diversity jurisdiction." (Defs.' Mem. of P. & A. in Opp'n to Pls.' Mot. to Amend Compl. and to Remand at 4.) Defendants contend that "this will promote judicial economy,"(Id. at 5.) yet they offer no case support for this proposition. Defendants have not persuaded the court that the parties' motions should be decided out of the order in which they were filed. Additionally, defendant Thomas is a resident of California, as are plaintiffs and defendant Bomhoff. There is no indication Thomas has been dismissed from this action and his inclusion as a named defendant destroys diversity of citizenship. Morris v. Vitek, 412 F.2d 1174, 1176 (9th Cir. 1969)(stating that "[w]henever federal jurisdiction in a removal case depends upon complete diversity, the existence of diversity is determined from the fact of citizenship of the parties named and not from the fact of service.") Thus, judicial economy is not served by first considering defendants' motion to dismiss, as defendant Bomhoff's dismissal from this action will not impact this court's discretionary decision to remand the action to state court.

**CONCLUSION**

For the foregoing reasons, plaintiffs' motion for leave to amend their complaint is GRANTED.  Additionally, plaintiffs' motion to remand the action to Sacramento County Superior Court is GRANTED.  Because plaintiffs are allowed to amend their complaint, defendants' motion to dismiss the second amended complaint is VACATED AS MOOT.  For the same reasons, defendants' motion to strike the third amended complaint is VACATED AS MOOT.

IT IS SO ORDERED.

DATED: June 29, 2005

/s/ Frank C. Damrell Jr.
FRANK C. DAMRELL, Jr.
UNITED STATES DISTRICT JUDGE